UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Frank Brandon,<br><br>                *Defendant.* | **3500 Protective Order**<br><br>**19 Cr. 79 (ER)** |

Upon the application of the United States of America, by Audrey Strauss, United States Attorney for the Southern District of New York, Mollie Bracewell and Peter J. Davis, Assistant United States Attorneys, of counsel, and Frank Brandon, by and with the consent of his attorneys, Avraham C. Moskowitz and Jeremy Schneider, for the entry of a Protective Order, and for good cause shown,

IT IS HEREBY ORDERED:

1. Any of the documents and materials produced by the Government pursuant to Title 18, United States Code, Section 3500 (collectively, the "Protected Material") shall be presently labeled "ATTORNEY'S EYES ONLY" or "AEO" and accordingly, cannot be shown to the defendant, as set forth in paragraph 2 below. The Government will re-designate the Protected Materials, so that such materials can be shared with the defendant, at an agreed upon time prior to the trial, and no later than two weeks from the trial date.

2. Protected Material disclosed to defense counsel:

   a. Shall be used by defense counsel only for purposes of the defense of this action;

   b. Shall be maintained in a safe and secure manner solely by defense counsel. The Protected Material shall not be provided in any form to third parties by defense counsel except as set forth in paragraph 2(c) below; and

  c. May be provided by defense counsel only to the following persons ("Designated Persons"):

    i. Associates, analysts, paralegals, investigators, secretaries, clerks and other support staff, and students working or performing services for the defendant's undersigned counsel (whether as full-time or part-time employees or independent contractors);

    ii. Third-party experts, investigators, consultants or advisors (including their respective clerical and secretarial personnel and support staff) retained by the defendant's counsel in connection with this action;

    iii. Third-party copy, technology, database hosting, and litigation support services (including their respective clerical and secretarial personnel and support staff) engaged by the defendant's counsel in connection with the preparation and/or trial of this case;

  d. Defense counsel and personnel for whose conduct counsel is responsible may communicate to defendant the contents of disclosure material labeled "AEO" but may not disclose to defendant any personal information (including name, address, phone number, and any identifiers specified in Rule 5.2 of the Federal Rules of Civil Procedure) contained in the AEO disclosure;

  e. Defense counsel may seek the Government's consent to modify any "AEO" designation; and

  f. Defense counsel may submit to the Court, *ex parte*, a request to show AEO materials to Defendant.  Defense counsel must cause notice to be given to the Government if such

an *ex parte* request is made (and must identify the documents that are the subject of the request, though need not disclose the basis of the request) and must cause notice to be given to the Government of whether the request is granted or denied.

3. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY / HIGHLY CONFIDENTIAL" or "AEO / HC" and is subject to all of the same limitations set forth in paragraph 2 of this Order (governing AEO materials). Additionally, any AEO / HC material may be viewed by defense counsel only on the USAfx website and may not be downloaded or otherwise distributed by defense counsel.

4. The Government may authorize, in writing, disclosure of the Protected Material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Protected Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, such Protected Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

**Return or Destruction of Material**

6. Except for Protected Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Protected Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

### Retention of Jurisdiction

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s                                         Date:    2/8/21
   Mollie Bracewell
   Peter J. Davis
   Assistant United States Attorneys

   _____           Date:    2/8/21
   Avraham C. Moskowitz, Esq.
   Jeremy Schneider, Esq.
   Counsel for Frank Brandon

SO ORDERED:
Dated: New York, New York
       February 8   , 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE