UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

FRANK BRANDON,

                Defendant.

**ORDER**

19-cr-00079 (ER)

R%AMOS, D.J.:

    Frank Brandon was sentenced on June 7, 2022, after pleading guilty to one count of conspiracy to distribute and possess MDMA. The Court imposed a sentence of 240 months' imprisonment, to be followed by three years of supervised release.

    The Court stated at sentencing that the following special condition of supervised release, "set forth at page 23 of the presentence report and incorporated herein," would apply: "You shall submit your person and any property, residence, vehicle, papers, computer or electronic storage devices to a search by the U.S. Probation Office and, if needed, with the assistance of law enforcement." Doc. 60 at 28:19–24.

    The judgment entered by the Court on June 9 included that special condition, mirroring the language on page 23 of the presentence report: "You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement." Doc. 58 at 5; *see* Doc. 46 at 23.

    On appeal, the Second Circuit concluded that "[t]he oral pronouncement of the special search condition varied from the version of the special condition contained in the written judgment." Doc. 65 at 2. Specifically, the oral pronouncement mentioned "any property, . . . computer or electronic storage devices," while the written condition referred

to "any property, . . . computer, other electronic communication, data storage devices, cloud storage or media, and effects." *Id.* (emphasis omitted). The panel was not able to divine "from the record whether the oral pronouncement was intended to adopt by reference the broader version found in the [presentence report] or to narrow the locations subject to search by intentionally omitting them." *Id.* The court vacated the judgment in relevant part and remanded for this Court to "clarify which version of the search condition it intended to impose." *Id.* The Second Circuit also said that "[i]f the [district] court chooses to reimpose the written version of the condition, it shall permit [Brandon] to challenge that version at a hearing." *Id.* And the panel directed this Court to explain its reasons for imposing the condition. *Id.*

Counsel was appointed to represent Brandon on remand, Doc. 64, and the mandate issued on July 8, 2024. Doc. 65. This Court held a status conference on September 6, 2024, with Brandon, his attorney, and the government present. The Court explained—and reiterates in this order to avoid any possible doubt—that it had intended to impose the written condition set out both on page 23 of the presentence report and in the judgment. The Court also explained on the record why it believed the special condition was appropriate. And the Court offered Brandon the opportunity to challenge the special condition at a hearing. Brandon declined to do so.

Counsel for Brandon noted that Brandon had been moved from FCI Berlin in New Hampshire to the Metropolitan Detention Center (MDC) to attend the conference following the Second Circuit's remand. Counsel requested that Brandon be returned to FCI Berlin or redesignated for placement at another correctional facility as soon as possible to limit the additional time he must spend at the MDC. Counsel cited the intolerable conditions at the MDC, which have been well documented. *See, e.g.*, *United States v. Chavez*, --- F. Supp. 3d ---, No. 22 Cr. 303 (JMF), 2024 WL 50233 (S.D.N.Y.

Jan. 4, 2024). Accordingly, the Court recommends that Brandon be returned to FCI Berlin or redesignated as soon as possible.

    The Court has issued an amended judgment that accompanies this order.

It is SO ORDERED.

Dated:   September 6, 2024
           New York, New York

                                                          EDGARDO RAMOS, U.S.D.J.